# IN THE COURT OF APPEALS OF IOWA

No. 14-0999
Filed September 23, 2015

**DECARLOS MATLOCK,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

A defendant filed a request for postconviction relief contending his counsel was ineffective in advising him of the number of days he could be incarcerated on his admission of a probation violation. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Ralph Potter, County Attorney, and Alisha Stach-Lorang, Assistant County Attorney, for appellee State.

Considered by Potterfield, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

DeCarlos Matlock filed a request for postconviction relief contending his counsel was ineffective in advising him of the number of days he could be incarcerated on his admission of a probation violation.  Matlock was denied relief, and he has appealed.

I.  **Background Facts**

Matlock pled guilty on November 25, 2012, to two counts of credit card fraud and one count of second offense domestic abuse assault.  The sentences on the fraud charges were concurrent with each other but the sentence on the domestic abuse assault charge was ordered to run consecutive to the fraud charges, making a total sentence of four years.  Matlock was granted probation.  On September 26, 2013, Matlock stipulated to a report of violations.  The stipulation indicated that he would receive credit for time on probation as provided by *Anderson v. State*, 801 N.W.2d 1 (Iowa 2011).  As an alternative to revocation of his probation, Matlock's probation officer communicated through his attorney that she would recommend a finding of contempt with a 120-day jail sentence.

Matlock, through counsel, endeavored to determine how much time he would be required to spend in prison if his probation was revoked.  His counsel tried to obtain the answer from the classification center but was told that it does not make *Anderson* credit calculations before a party arrives at the center.  Counsel attempted to get the information from the sheriff's office but was unsuccessful.  Counsel then had Matlock's probation officer make a calculation.  The probation officer provided worksheets indicating Matlock would be required

to serve approximately thirty days. Based on that information Matlock asked the probation officer to recommend that his probation be revoked.

Upon arrival at the classification center, Matlock was informed that he had 334 days left to serve. He arrived in prison on October 3, 2013, was released on parole on April 21, 2014, and discharged his probation on July 23, 2014.

Matlock filed a request for postconviction relief, claiming counsel was ineffective in failing to determine the number of days he would be required to serve after receiving the *Anderson* credit. He further alleges that if he had been correctly informed, he would have agreed to the contempt and 120-day incarceration option. The postconviction relief hearing was held on March 12, 2014.

At the hearing, Matlock stated he received worksheets prepared by the probation officer showing he would serve approximately thirty days if his probation was revoked. He also admitted that he relied on the worksheets in making his decision. He testified he relied on his attorney in making the decision, but admitted she told him the worksheets might not be exactly right. He testified that but for the worksheet calculations, he would have taken the contempt option and remained on probation.

Matlock's counsel at the revocation hearing testified at the postconviction relief hearing that in her experience, the final computation of the credit due is prepared by the department of corrections after the party arrives at the classification center and that Matlock was so advised. She further stated the worksheets prepared by the probation officer did not appear accurate and she discussed her concern with Matlock.

Matlock requests that his probation revocation be set aside so he can take the contempt-sentence option. The district court denied his request in its ruling dated April 22, 2014. The court stated that the calculation of the credit was a function of the department of corrections and not a court function at the time of sentencing or at the time of the revocation and did not raise an ineffective-assistance-of-counsel issue. The court further found that the testimony of Matlock's counsel was credible. Matlock filed a motion to enlarge, but the district court reaffirmed its ruling without directly addressing the ineffective-assistance-of-counsel issue.

The State filed a motion to dismiss, contending since Matlock was released from probation while the matter was pending the issue was moot. The supreme court refused to dismiss, indicating the mootness issue could be addressed by the appellee's brief and an appellant's reply brief.

## II. Error Preservation

For error to be preserved, ordinarily the issue must be raised and ruled upon by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The State contends error has not been preserved since the trial court did not rule on the ineffective-assistance-of-counsel issue. Matlock raised the issue both in his petition and in his motion to enlarge. The court recognized the issue but disposed of it by stating that the probation officer's erroneous calculation of the *Anderson* credit did not raise an issue of ineffective assistance of counsel. It is fair to say that the court considered the claim of ineffective assistance counsel and denied it as not being the real issue. In addition, there is at least dicta to the effect that if a court refuses to rule on a claim, error has been preserved. *Linge*

*v. Ralston Purina Co.*, 293 N.W.2d 191, 195 (Iowa 1980). Error has been preserved.

### III. Standard of Review

Appeals from denials of postconviction-relief cases are ordinarily reviewed for correction of errors at law, but when a constitutional issue such as a claim of ineffective assistance of counsel is involved the matter is reviewed de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

### IV. Discussion

Under Iowa's statutory scheme, when an indeterminate criminal sentence is ordered to be served, the actual time a defendant is required to serve is determined by the department of corrections. *See generally* Iowa Code ch. 903A (2013). The department of corrections representative completed the worksheets that indicated the time Matlock might be required to serve. Counsel advised Matlock that the actual period of confinement would only be finally determined after his arrival at the classification center. She also advised him that the computation prepared by the probation officer did not appear to be correct.

Ineffective-assistance-of-counsel claims require a finding of failure of counsel to perform an essential duty. *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Counsel did not erroneously advise Matlock of the time he would have to serve. Instead, she advised him that the remaining time would not be computed by the department until he arrived at the classification center. It was a matter of interest for Matlock to know exactly how much time he would spend in prison, but that calculation is made by the department of corrections. When an

indeterminate sentence is involved counsel can only advise as to the parameters of the sentence.

Counsel is presumed to have performed in a competent manner. *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004). Counsel's performance is measured against that of a reasonably competent attorney. *Id.* The determination of the time remaining on a sentence is a matter within the responsibility of the department of corrections. Counsel advised Matlock accordingly.

Furthermore, Matlock's complaint is based on what the probation officer agreed to recommend. It is the court's prerogative to revoke the probation or make a finding of contempt and set the jail time to be served. Iowa Code § 908.11. The "agreement" worked out with the probation officer is only as to her recommendation and was not by any means conclusive as to a final disposition.

The second requirement of a successful ineffective-assistance-of-counsel claim is prejudice. *Clay*, 824 N.W.2d at 496. Matlock's assumption he "could choose" was based on conjecture and affords no consideration to the court's final authority in the process. Matlock's "agreement" with the probation officer may not have been meaningless, but it was not determinative of the outcome of the proceeding regardless of Matlock's choice of punishment. Matlock has not established prejudice since there is no indication the court was involved in allowing him to select his punishment or would give serious consideration to the probation officer's recommendation.

The State contends this matter is moot because Matlock was released from prison over a year ago. Since Matlock's claim of ineffective assistance of

counsel is meritless and without substance, we do not address the mootness issue.

**AFFIRMED.**